STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6495
    Facsimile: (213) 894-0141
    E-mail:   kevin.butler2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-00101-CJC |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT MEGAN ELLIS |
| v. | |
| MEGAN ELLIS, | Hearing Date: August 15, 2019 |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kevin J. Butler, hereby files its sentencing position.

///

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report, the plea agreement, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 1, 2022

Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

   /s/
KEVIN J. BUTLER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Megan Ellis ("defendant") served for a runner in 2017 for a drug trafficking organization that primarily sold heroin to customers in Southern California. For that conduct, defendant was charged and pled guilty to Conspiracy to Distribute Heroin in violation of Title 21, United States Code, Section 846, 841(a)(1), and 841(b)(1)(B)(i). For the reasons set forth below, the government recommends a low-end sentence of 63 months' imprisonment, which is the low end of the guideline range set by the United States Sentencing Guidelines (the "Guidelines" or "USSG"), with a five-year period of supervised release to follow.

**II.   STATEMENT OF FACTS**

During, at least, June 2017, defendant was delivery person for a drug trafficking organization selling heroin throughout areas of Southern California. Defendant played a minor, but key role in the distribution network. First, operators of the distribution center would take orders from individual heroin customers over the phone. Next, the operators would contact defendant and instruct her on how, where, and to whom she should deliver the heroin. Defendant would then deliver directly to the customers and collect money from each.

During the course of the conspiracy, defendant was intercepted in coded language conversations participating in the distribution activities. Defendant also delivered to undercover law enforcement officers. In exchange for her deliveries, defendant received a portion of the proceeds, as well as heroin for her own personal use.

Defendant has participated in a proffer with the government pursuant to U.S.S.G. § 5C1.2(a)(5) ("Safety Valve"). During the

proffer, defendant admitted to the conduct as set forth in the plea agreement and detailed her work as a drug deliverer for "Carla" (defendant Maricela Guerrero).

### III. THE PRESENTENCE REPORT

On July 11, 2022, the United States Probation Office ("USPO") filed a Presentence Report ("PSR"). The USPO calculated defendant's adjusted offense level as 22, pursuant to the following calculation:

| | | |
|---|---|---|
| Base Offense Level: | 24 | U.S.S.G. § 2D1.1 |
| Specific Offense Characteristics: | | |
| Minor Role Adjustment: | -2 | U.S.S.G. § 3B1.2(b) |

(See PSR at 4-6.) After a three-point downward adjustment for acceptance of responsibility under USSG § 3E1.1(a) and (b), the USPO calculated defendant's total offense level as 19. (Id.) The government does not object to the USPO's calculation of defendant's total offense level. Nor does the government object to the USPO's calculation of defendant's criminal history score and category, which it determined, respectively, to be 14 and VI. (Id.) The USPO also recommends a 63 months' custodial sentence.

### IV. THE GOVERNMENT'S SENTENCING POSITION

For the reasons set forth below, the government recommends a low end sentence of 63 months' imprisonment. On one hand, the defendant proffered and is safety valve eligible, and was a minor participant in the overall scheme. On the other hand, defendant has a criminal history that shows defendant's longstanding substance abuse crimes and defendant still played an essential role in the conspiracy.

Weighing each, a within guidelines sentence appropriately reflects her conduct.

### A.   Safety Valve Offense Level Reduction

Based on the proffer conducted by the government with defendant, the government is satisfied that defendant has truthfully provided to the government all information and evidence that defendant has concerning the offense in this case.

### B.   Minor Participant Offense Level Reduction

Based upon information provided by defendant to the government during the proffer, the government believes defendant is eligible for an additional two-point reduction pursuant to USSG § 3B1.2(b) ("Minor Participant").  Pursuant to USSG § 3B1.2, Application Note C, the Court should consider the totality of the circumstances to assess whether defendant is eligible for an offense level reduction pursuant to USSG § 3B1.2(b).  Specifically, the Court should consider:

(i)    The degree to which the defendant understood the scope and structure of the criminal activity;

(ii)   The degree to which the defendant participated in planning or organizing the criminal activity;

(iii)  The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)   The nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and

  (v) The degree to which the defendant stood to benefit from the criminal activity.

According to Application Note C, the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if she is substantially less culpable than the average participant in the criminal activity. (<u>See</u> USSG § 3B1.2, Application Note C.) In this case, defendant was an essential cog but only participated in the delivery of users and collection of money. Defendant was an addict and profited little from the conspiracy in comparison to the importers, managers, and other distributors. Moreover, her payment in personal use heroin shows that her participation in the criminal network was at least, in part, driven by her own narcotic addictions.

Based upon these factors, the government believes defendant is eligible for an additional a two-point reduction pursuant to USSG § 3B1.2(b).

**C. A Low End Sentence of 63 Months' Imprisonment is Sufficient, But Not Greater Than Necessary Under the Section 3553(a) Factors**

With a Criminal History Category of VI, and, after applying the reductions for minor role and acceptance of responsibility, defendant's Guidelines sentencing range is 63 to 78 months' imprisonment. The government recommends that the Courtسentence defendant to 63 months' imprisonment, with a five-year period of supervised release, and a $100 special assessment. Such a sentence is sufficient, but not greater than necessary given the nature and circumstances of the offense, the history and characteristics of the

4

defendant, the need to promote respect for the law and provide just punishment, and to afford adequate deterrence to criminal conduct.

Defendant engaged in serious conduct. The distribution of heroin onto the streets of our community is not a victimless crime. It leads to addiction, destroys the lives of users who may otherwise be productive members of society, impacts families, and not infrequently causes deaths through overdoses. The Court's sentence must reflect the harm that is caused by defendant's conduct and deter others from engaging in it.

Defendant has taken responsibility for her actions by acknowledging her role in the crime, by pleading guilty, and by truthfully providing to the government information and evidence that she has concerning the offense in this case. A sentence at the low end of the Guidelines range acknowledges her acceptance of responsibility, while taking into account her significant criminal history, while also acknowledging the seriousness of the crime, the amount of heroin distributed as a whole and by defendant herself, and defendant's clear recidivist nature. Moreover, a within guidelines sentence accurately reflects defendant's criminal history that has continued undaunted despite several drug-related arrests over the years. A sentence of 63 months' imprisonment sends the appropriate specific deterrence message to defendant.

Finally, a sentence of 63 months' imprisonment will help promote respect for law enforcement and deter future criminal conduct, including that from would-be defendants, by holding defendant accountable for the crime she committed. Similarly, a sentence of 63 months will help avoid unwarranted sentence disparities between this defendant and other similarly situated defendants, including within

5

this conspiracy -- without ignoring the discrepancies regarding criminal histories between defendants. The recommended 63 month sentence appropriately reflects the seriousness of the offense, the history and characteristics of the defendant, the need to promote respect for the law and provide just punishment, and the need to provide adequate deterrence.

### III. CONCLUSION

For the foregoing reasons, a 63 month sentence is sufficient, but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a), and the government respectfully requests that the Court impose this sentence.